IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SMITH, | : | Civil No. 3:26-cv-1807 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-SCHUYLKILL, | : | |
| Respondent | : | |

## MEMORANDUM

On or about June 24, 2026, Petitioner Robert Smith ("Smith") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Smith argues that his "federal sentence should have been running concurrently during the overlapping period of state imprisonment after the federal sentence was imposed, or, at minimum, that the [Federal Bureau of Prisons ("BOP")] must recalculate the sentence after properly applying 18 U.S.C. § 3584(a), 18 U.S.C. § 3585(a), 18 U.S.C. § 3621(b), and Program Statement 5160.05." (*Id.* ¶ 6). For the reasons that follow, the Court will dismiss the habeas petition without prejudice because Smith has not properly exhausted his claims.

## I. Background

### A. Smith's Criminal History

On February 27, 1989, Smith was sentenced in the Court of Common Pleas of Philadelphia County, Pennsylvania, to an aggregate term of imprisonment of 20 to 40 years

for possessing instruments of a crime, aggravated assault, and murder. (Doc. 8-2, Declaration of BOP Correctional Programs Specialist Juannetta Hayes ("Hayes Decl.") ¶ 5; Doc. 8-5, Philadelphia County Court of Common Pleas Criminal Docket).

On March 27, 1989, Smith was temporarily transferred to the United States Marshals Service pursuant to a federal writ of habeas corpus ad prosequendum. (Doc. 8-2, Hayes Decl. at ¶ 6; Doc. 8-6, USM-129 Individual Custody/Detention Report). On October 6, 1989, Smith was sentenced by the United States District Court for the Eastern District of Pennsylvania, to an aggregate term of life imprisonment plus 5-years for conspiracy to manufacture and distribute cocaine base and marijuana (count 1); RICO (count 2); continuing a criminal enterprise (count 3); distribution of cocaine base (counts 7, 9, 10, 12, 14, 17, 31, 34, 37, 38, 40-43, 45, 47); possession with intent to distribute cocaine base (counts 16, 19, 28, 33, 36, 46); distribution of cocaine base near a school (counts 8, 11, 13, 15, 18, 32, 35, 39, 44); traveling in interstate and foreign commerce to facilitate drug trafficking (counts 59-60); carrying and using a firearm in connection with drug trafficking (count 61); possession of a firearm by a convicted felon (count 62); employment of persons under 18 years of age (counts 64, 65, 66, 67, 68, 69); and violent crime in aid of racketeering, aiding, and abetting (counts 70-72). (Doc. 8-2, Hayes Decl. at ¶ 7; Doc. 8-7, Judgment and Commitment Order in Case No. 88-00519-01; Doc. 8-8, Docket for Case No. 88-00519-01).

Because the Pennsylvania Department of Corrections had primary jurisdiction, Smith was returned to Pennsylvania authorities on April 28, 1999, with a federal detainer. (Doc. 8-2, Hayes Decl. at ¶ 9; Doc. 8-6, USM-129 Individual Custody/Detention Report).

On September 28, 2000, Smith was re-sentenced by the Court of Common Pleas of Philadelphia County, to an aggregate term of imprisonment of 15 to 30 years for possessing instruments of a crime, aggravated assault, and murder. (Doc. 8-2, Hayes Decl. at ¶ 10; Doc. 8-5, Philadelphia County Court of Common Pleas Criminal Docket).

On July 20, 2018, Smith satisfied his state obligations and entered exclusive federal custody. (Doc. 8-2, Hayes Decl. at ¶ 11; Doc. 8-9, Pennsylvania Department of Corrections' Documentation).

B. Administrative Remedy History

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Smith filed 18 administrative remedies. (Doc. 8-2, Hayes Decl. at 4 ¶ 5; Doc. 8-4, Administrative Remedy Generalized Retrieval). Of those 18 administrative remedies, two are relevant to the claims before the Court.

On March 22, 2019, Smith filed administrative remedy 971849-F1 with the institution, requesting jail credit for time spent in state custody. (Doc. 8-4, at 5). The institution denied the remedy, and Smith did not appeal to the Regional or Central Offices. (*Id.*).

On May 18, 2026, Smith filed administrative remedy 1279175-F1 with the institution, requesting time credit for his allegedly concurrent state sentence. (*Id.* at 11). On May 27,

2026, the institution denied the remedy. (*Id.*). Smith filed an appeal to the Regional Office on June 15, 2026, designated as administrative remedy 1279175-R1. (*Id.*). A response from the Regional Office was due by August 14, 2026. (*Id.*).

C. Claims Raised in the Habeas Petition

In his Section 2241 petition, Smith challenges his sentence computation. (Doc. 1). Respondent contends that the Section 2241 petition must be dismissed because Smith failed to exhaust his administrative remedies before filing his habeas petition in federal court. (Doc. 8, at 5-10). Alternatively, Respondent argues that the petition must be denied because the BOP properly calculated Smith's sentence. (*Id.* at 11-15).

## II. Discussion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw*, 682 F.2d at 1052). Exhaustion is also excused when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see also Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

To exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate

shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

As set forth above, the record shows that Smith filed two relevant administrative remedies. (Doc. 8-4).

On March 22, 2019, Smith filed administrative remedy 971849-F1 with the institution, requesting jail credit for time spent in state custody. (Doc. 8-4, at 5). The institution denied the remedy, and Smith did not appeal to the Regional or Central Offices. (*Id.*).

On May 18, 2026, Smith filed administrative remedy 1279175-F1 with the institution, requesting time credit for his allegedly concurrent state sentence. (*Id.* at 11). On May 27, 2026, the institution denied the remedy. (*Id.*). Smith filed an appeal to the Regional Office on June 15, 2026, designated as administrative remedy 1279175-R1.[1] (*Id.*). A response from the Regional Office was due by August 14, 2026. (*Id.*).

It is undisputed that Smith did not wait to complete the appeal process before filing suit, and instead preemptively filed this habeas matter while awaiting the Regional Office's determination.[2] If the Regional Office denies relief and Smith remains dissatisfied, he must then lodge a final appeal to the Central Office. The record shows that Smith failed to

---

1 Nine days later, Smith filed his federal habeas petition. (Doc. 1).

2 Smith does not dispute that he failed to exhaust administrative remedies before filing the habeas petition. (Doc. 11, at 6-9).

complete all steps of the BOP administrative remedy program before filing his habeas petition.

The record also indicates that Smith has access to the BOP's grievance and administrative appeal system, and Smith's failure to exhaust in this matter is entirely a result of his hasty decision to proceed with a habeas petition prior to attempting to completely exhaust his claims. In addition, exhaustion in this matter would clearly not be futile—the Regional and Central Offices of the BOP have the authority and ability to address Smith's claims and to potentially to grant him relief.

Smith was required to fully exhaust his administrative remedies prior to filing his habeas petition. Because he failed to do so, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed without prejudice for lack of exhaustion.

## III. Conclusion

For the foregoing reasons, the Court will dismiss the petition for writ of habeas corpus without prejudice. (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 26, 2026